# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE JASON LONG,

    Plaintiff

v.

THE STATE OF NEVADA, *et al.*,

    Defendants

Case No. 2:23-cv-01975-JAD-NJK

**Order Adopting
Report and Recommendation
and Staying Case**

[ECF No. 5]

    On January 24, 2024, the magistrate judge entered this report and recommendation [ECF No. 5]:

    Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 4. Plaintiff also submitted a complaint. Docket No. 1-1.[1]

**I.**    ***In Forma Pauperis* Application**

    Plaintiff filed the affidavit required by § 1915(a). Docket No. 4. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**    **Screening the Complaint**

    Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff seeks injunctive and monetary relief for claims arising out of his arrest on September 2, 2023, and the criminal proceedings flowing therefrom. Docket No. 1-1 at 2. Plaintiff provides a case number to an active case in the Las Vegas Justice Court of Clark County, Nevada. *Id.* at 1 (Case No. 19M16851X). The Court takes judicial notice of the Clark County Nevada website, which indicates the criminal case arising from Plaintiff's arrest is set for a jury trial on January 30, 2024. *See* https://lvjcpa.clarkcountynv.gov/Anonymous/Search.aspx?ID=100 (searched on January 19, 2024); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (courts can take judicial notice of government websites).

"In our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for the administration of its own criminal justice system."

*United States v. Yepez*, 704 F.3d 1087, 1091 (9th Cir. 2012) (en banc) (quoting *Setser v. United States*, 566 U.S. 231, 241 (2012).  To further the interests of comity, the Supreme Court has long made clear that absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings even when they raise issues regarding federal rights or interests. *Younger v. Harris*, 401 U.S. 37, 44 (1971).

To determine whether it should refrain from interfering with a state proceeding, a federal court must consider whether the state proceeding is ongoing, whether the state proceeding implicates an important state interest, whether there is an adequate opportunity in the state proceeding to raise constitutional challenges, and whether the federal court action would enjoin the proceeding or interfere with it in a manner of which *Younger* disapproves. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  If the federal court affirmatively answers these questions, then it must refrain from interfering with the state proceedings. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

The factors the Court must consider in applying the *Younger* abstention doctrine militate against interfering with Plaintiff's state criminal proceeding.  First, Plaintiff's state criminal proceeding is ongoing. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution").  In addition, Plaintiff's state criminal proceeding involves important state interests. *See Potrero Hills Landfill, Inc. v. Cty. of Solano*, 657 F.3d 876, 883 (9th Cir. 2011) ("Where the state is in an enforcement posture in the state proceedings, the 'most important interest' requirement is easily satisfied, as the state's vital interest in carrying out its executive functions is presumptively at stake").  Plaintiff also has adequate opportunity in his state criminal proceeding to raise constitutional challenges. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").  Plaintiff may seek relief in his current proceedings, and, if necessary, seek relief from Nevada's appellate courts.  The Court therefore finds that it must refrain

from interfering with Plaintiff's ongoing state criminal proceeding.[2] Given that Plaintiff seeks monetary damages, however, the Court recommends staying Plaintiff's claims for further consideration after the conclusion of Plaintiff's criminal proceedings. *See Gilbertson*, 381 F.3d at 982.[3]

### III. Conclusion

For the reasons discussed more fully above, **IT IS RECOMMENDED** that the claims in Plaintiff's complaint be stayed pending the resolution of Plaintiff's state criminal prosecution.

### Order Adopting Report and Recommendation

The deadline to object to this report and recommendation passed without response. I have reviewed the report and recommendation, and with good cause appearing, IT IS ORDERED that the report and recommendation **[ECF No. 5] is ADOPTED in its entirety.** IT IS FURTHER ORDERED that **this case is STAYED pending the resolution of plaintiff's state criminal prosecution**. **Once Long's state criminal matter has concluded, Long may file a motion to lift this stay.** The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE this case.**

_____
U.S. District Judge Jennifer A. Dorsey
February 14, 2024

---

[2] As the Court recommends staying Plaintiff's claims due to the *Younger* absention doctrine, the Court need not reach the other deficiencies in Plaintiff's complaint.

[3] The Court notes that hurdles may exist that foreclose Plaintiff's damages claims in whole or in part, including immunity issues. The Court does not herein make any findings as to the sufficiency of the damages claims.

4